UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TROY M. KING, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1580** |
| **LOUISIANA STATE, ET AL.** | **SECTION "S"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Summary**

The plaintiff, Troy M. King, Sr. ("King"), was previously incarcerated in the Orleans Parish Prison and was subsequently moved to the B.B. (Sixty) Rayburn Correctional Center[1]  He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the State of Louisiana, the City of New Orleans, and the Department of Corrections complaining about the conditions of his confinement at the Orleans Parish Prison.

---

[1] On March 3, 2011, the Court contacted B.B. (Sixty) Rayburn Correctional Center ("Rayburn") and was advised that King entered the Orleans Parish Prison on June 29, 2009. On May 25, 2010, he was transferred to the Elayn Hunt Correctional Center. On July 12, 2010, he was transferred to Rayburn. On January 6, 2011, he was released. As a result, the Court issued an Order directing the Clerk to change the Plaintiff's address to his last known address of record. (R. Doc. 6.)

King alleges that the conditions in Orleans Parish Prison are deplorable. He complains that they are made to eat food in unsanitary conditions and the prison does not have a cafeteria for them to sit down and eat. He complains that they are forced to eat in the same place where they shower, are house, and recreate. As relief, he wants one thousand dollars for every day he is housed in the unsanitary prison. As an alternative, he seeks to be transferred to a sanitary prison.[2]

## II.  Standards of Review for Frivolousness

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly

---

[2]The Court notes that on May 25, 2010, the Plaintiff was transferred to the Elayn Hunt Correctional Center. Thus, to the extent that the Plaintiff requested a transfer from the Orleans Parish Prison, this request is moot.

baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

King filed the subject suit seeking damages for the unsanitary conditions of the food served at the Orleans Parish Prison. King complains that he is being served food in the same area where he resides and also near the showers and the recreation area. He complains that the prison is without a cafeteria and that the conditions under which he is required to eat are unsanitary. King's Complaint against the City of New Orleans, the Department of Corrections, and the State of Louisiana should be dismissed as frivolous.

**A.    City of New Orleans**

Title 42 U.S.C. § 1997e(e) provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

In the instant case, King does not allege that he sustained any physical injury as a result of eating in his cell or near the shower. Therefore, the Court finds that his claims against the the City of New Orleans be dismissed pursuant to 28 U.S.C. § 1915e(2) and 42 U.S.C. § 1997(e)(1) as they are frivolous and fail to state a claim for which relief may be granted.

**B.    Department of Corrections and State of Louisiana**

Even if the plaintiff was able to assert a physical injury, his claim against the Department of Corrections ("DOC") and the State of Louisiana is still frivolous. These defendants are immune from suit in this Court and the claims against them must be dismissed.

The DOC is a department within the Louisiana state government. La. Rev. Stat. Ann. § 36:401 (2009). For Eleventh Amendment purposes, the DOC is considered an arm of the state since any

money judgment against it or its subdivisions necessarily would be paid from state funds. *Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985). Therefore, suit against the State and the DOC implicates the Eleventh Amendment immunity doctrine. *Muhammad v. Louisiana*, Nos. 99-3742 & 99-2694, 2000 WL 1568210 (E.D. La. Oct. 18, 2000); *Citrano v. Allen Corr. Ctr.*, 891 F. Supp. 312, 320 (W.D. La. 1995) ("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.") (citing *Anderson*, 655 F. Supp. at 560; *Bldg. Eng'g Servs. Co. v. Louisiana*, 459 F. Supp. 180 (E.D. La. 1978)).

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F .2d 183, 185-86 (5th Cir. 1986). It also prohibits suit for declaratory and injunctive relief brought against the State. *See Saltz v. Tenn. Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) (declaratory and prospective injunctive relief can not be pursued directly against the State in federal court). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan,* 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dep't of Highways,* 780 F.2d 1268, 1271-73 (5th Cir.1986). However, the State of Louisiana has not done so.

To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court." Accordingly, the Court is without jurisdiction to consider the plaintiff's claims against the State of Louisiana and the DOC. *See Warnock v. Pecos Cnty., Tex.,* 88 F.3d 341, 343 (5th Cir. 1996). These claims are frivolous, fail to state a claim for which relief can be granted, and otherwise for seeking relief from an immune defendant pursuant

to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e.  They must be dismissed without prejudice for lack of jurisdiction.  *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir.1996).

## IV.  Recommendation

For the foregoing reasons, it is **RECOMMENDED** that King's § 1983 claims against the City of New Orleans be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

**IT IS FURTHER RECOMMENDED** that King's § 1983 claims against the State of Louisiana and the Department of Corrections be **DISMISSED WITHOUT PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 3rd day of March, 2011.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.